## Case No. 5,103a.
FRENCH et al. v. The SUPERB.

[19 Betts, D. C. MS. 1.]

District Court, S. D. New York. April 28, 1851.

BETTS, District Judge. Various libels have been filed by different parties against the vessel, and she has been sold under decrees obtained thereon, and the proceeds are now in court. Application is made for the direction of the court as to the order of priority to be observed in distributing those proceeds. It is only necessary that the court shall lay down the general principle which is to govern the clerk and parties in drawing the funds from the registry and apportioning them on the respective decrees; and I shall not, therefore, go over the pleadings to determine in what class the several demands are to be ranged.

When the demands are of like character, without intrinsic privilege, the parties are to be classed in the order of bringing their suits. Accordingly, creditors for advances, repairs, materials, labor, etc., supplied the vessel, are to be paid each in full in the order of commencing their suits. Creditors holding the higher privilege, as seamen for wages, pilots, and bottomry lenders, are to have a priority of payment out of the fund, without regard to the time their suits were instituted, provided the validity of their claims is conceded by the other parties or is decreed by the court. But if demands of that character are in contestation, then they are not to be regarded if presented only by way of petition. To impound the fund until a decision can be had upon the validity of the claim, the creditor must have sued out his attachment and placed the fund under its control, or at least have pleaded his lien to the antecedent action. If the fund stands attached on any demand of that character, no distribution can be had until the attachment is regularly discharged, on the hearing upon the merits in the suits which may be in contestation, or on motion because of the invalidity upon its face of the alleged lien, or because of some irregularity in enforcing it. A creditor holding a bottomry bond cannot stay the distribution to the creditors of an inferior degree, merely by presenting his bond and petitioning under it. He should at least have come in by answer to their suits, or, which is the regular course, have arrested the vessel or her proceeds, so that the other creditors could have the opportunity to take issue upon his claim and have its validity determined by the court. Such questions will not be entertained on notice and motions merely. If, after decrees rendered in favor of any of those parties, bottomry creditors come in and arrest the fund, it is competent for those having obtained decrees to make themselves parties and contest the validity of the bottomry demand. These principles will determine whether the fund is now in a situation which allows of an immediate distribution to any of the parties having obtained their decrees. It is sufficiently indicated already that the prosecuting creditors are not to take pro rata upon their debts, but have a right to full payment in the order of their respective actions, subject only to the stay by any bottomry demands which have actually attached the fund.